United States District Court
Southern District of Texas

**ENTERED**

December 10, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PH LODGING TOMBALL, LLC, a | § | |
| Texas Limited Liability | § | |
| Company, On Behalf of Itself | § | |
| and a Class of Similarly | § | |
| Situated Entities, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-1803 |
| | § | |
| HOLIDAY HOSPITALITY | § | |
| FRANCHISING, LLC; | § | |
| SIX CONTINENTS HOTELS, INC. | § | |
| d/b/a INTERCONTINENTAL HOTELS | § | |
| GROUP; and IHG OWNERS | § | |
| ASSOCIATION, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, PH Lodging Tomball, LLC ("Plaintiff"), has brought a Class Action Complaint against Defendants Six Continents Hotels, Inc. ("SCH") d/b/a InterContinental Hotels Group ("IHG"); IHG's affiliate Holiday Hospitality Franchising, LLC ("HHF"); and HHF's agent and representative IHG Owners Association ("IHGOA") (collectively, "Defendants"), alleging that IHG and HHF have engaged in "unlawful, abusive, fraudulent, anticompetitive and unconscionable practices designed solely to benefit and to enrich IHG/HHF's shareholders . . . to the detriment of Plaintiff

and . . . similarly situated franchisees."[1] Defendants have filed
Defendants' Motion to Transfer ("Defendants' Motion") (Docket Entry
No. 18, p. 5) to transfer this action to the United States District
Court for the Northern District of Georgia.   After carefully
considering the parties' arguments and the applicable law, the
court is persuaded that Defendants' Motion should be granted.

## I.   Background and Procedural History

HHF is the wholly owned subsidiary of SCH, and both are the
U.S. operating companies of a group of affiliated entities known as
IHG Hotels & Resorts.[2]   IHG owns, operates, and licenses the
operation of multiple hotel brands as part of a national and
international hotel franchise system.[3]   SCH owns the Holiday Inn
and Staybridge Suites brands, among others.[4]

Plaintiff owns and operates a hotel in Tomball, Texas.[5] Hotel
owners like Plaintiff enter into standardized license agreements

---

[1]Class Action Complaint ("Complaint"), Docket Entry No. 1,
pp. 1-2 ¶ 1-11.   For purposes of identification all page numbers
refer to the pagination imprinted at the top of the page by the
court's Electronic Case Filing ("ECF") system.

[2]Plaintiff's Response to Defendants' Motion to Transfer
("Plaintiff's Response"), Docket Entry No. 30, p. 5; Defendants'
Motion, Docket Entry No. 18, p. 6.

[3]Plaintiff's Response, Docket 30, p. 5; Defendants' Motion,
Docket Entry No. 18, p. 7.

[4]Id.

[5]Plaintiff's Response, Docket Entry No. 30, p. 6.

with HHF in connection with the operation of their hotel properties within the IHG system.[6]

On December 7, 2016, Plaintiff entered into a License Agreement with HHF to operate Plaintiff's hotel as a "Holiday Inn Express & Suites" branded hotel for a term of twenty years (the "License Agreement").[7]  In exchange, Plaintiff agreed to pay royalties and other fees and to operate the hotel as required by the terms of the License Agreement.[8]

The License Agreement contains a forum-selection clause that reads in relevant part:

> Licensee hereby expressly and irrevocably submits itself to the non-exclusive jurisdiction of the U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of DeKalb County, Georgia for the purpose of any and all disputes.  However, Licensor remains entitled to seek injunctive relief in the federal or state courts either of Georgia or of the state of the Hotel's location or of Licensor's principal place of business.  Should Licensee initiate litigation against Licensor, its parents, subsidiaries or one of its affiliated entities, Licensee must bring such action in the courts identified above; provided, however, the foregoing will not constitute a waiver of any of Licensee's rights under any applicable franchise law of the state in which the Hotel is located.

License Agreement, Exhibit A to Complaint, Docket Entry No. 1-1, p. 24 § 14.B(1).

On June 3, 2021, Plaintiff filed a putative class action complaint in this court seeking "monetary damages, injunctive and

---

[6]Id. at 5-6.

[7]License Agreement, Exhibit A to Complaint, Docket Entry No. 1-1, p. 4 § 1; p. 20 § 12.A.

[8]Id. at 5-8 § 3.

other relief [from Defendants] for:   (a) Count I - breach of contract; (b) Count II - breach of fiduciary duty; (c) Count III - declaratory judgment; (d) Count IV - recovery for violations of the Sherman Act, 15 U.S.C. § 1[;] and (e) Count V - an accounting."[9]

This action is one of at least six lawsuits brought by Plaintiff's common counsel against SCH in courts throughout the country.[10] Defendants assert and Plaintiff does not deny that these suits are "virtually identical[,]" i.e., that they "make nearly identical factual allegations, challenge precisely the same conduct and contract provisions, and assert essentially the same causes of action against IHG."[11]

Defendants filed their Motion to Transfer pursuant to 28 U.S.C. § 1404(a) on August 27, 2021.[12]   Plaintiff filed its

---

[9]Complaint, Docket Entry No. 1, p. 6 ¶ 34.

[10]See Park 80 Hotels LLC, et al. v. Holiday Hospitality Franchising, LLC, et al., Civil Action No. 21-974, 2021 WL 5275793 (E.D. La. Nov. 9, 2021) (granting Defendants' motion to transfer case to Georgia); Aaron Hotel Group, LLC v. Holiday Hospitality Franchising, LLC, et al., No. 3:21-cv-00727-AVC, 2021 WL 2166713 (D. Conn. May 27, 2021); Synergy Hotels, LLC v. Holiday Hospitality Franchising, LLC, et al., No. 2:21-cv-3248, 2021 WL 2321596 (S.D. Oh. June 7, 2021); Bensalem Lodging Associates LLC v. Holiday Hospitality Franchising, LLC, et al., 2:21-cv-02882 (E.D. Pa. June 29, 2021); A Hunts Mills Associates LLC v. Holiday Hospitality Franchising, LLC, et al., No. 2:21-13726, 2021 WL 3023515 (D.N.J., July 16, 2021).

[11]Defendants' Motion, Docket Entry No. 18, p. 6.

[12]Id. at 22.

Response to Defendants' Motion to Transfer on October 22, 2021.[13]
Defendants replied on November 5, 2021.[14]

## II.  <u>Analysis</u>

### A.   The Forum-Selection Clause Compels Transfer

Defendants argue (1) that the License Agreement's forum
selection clause requires Plaintiff to bring any litigation against
Defendants in the United States District Court for the Northern
District of Georgia or in the state courts of DeKalb County,
Georgia, and (2) that "the factors under 28 U.S.C. § 1404(a) compel
transfer to Georgia in the interest of justice to avoid wasteful
duplication of effort and resources and the risk of inconsistent
rulings, which otherwise would result from having multiple federal
courts preside over and decide the same issues."[15]  Plaintiff
responds that the License Agreement "expressly permitted" Plaintiff
to file its lawsuit "in a federal court in the State where the
licensee's hotel is located,"[16] and that the § 1404(a) factors
"either favor Plaintiff's choice of this District or, at worst,
appear neutral."[17]

---

[13]Plaintiff's Response, Docket Entry No. 30.

[14]Reply in Support of Motion to Transfer ("Defendants' Reply"),
Docket Entry No. 31.

[15]Defendants' Motion, Docket Entry No. 18, p. 5.

[16]Plaintiff's Response, Docket Entry No. 30, p. 3.

[17]<u>Id.</u> at 5.

-5-

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses" and "in the interest of justice[.]" "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas, 134 S. Ct. 568, 581 (2013). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum[,]'" id. (quoting Stewart Organization, Inc. v. Ricoh Corporation, 108 S. Ct. 2239, 2245 (1988)), and should be "'given controlling weight in all but the most exceptional cases[.]'" Id. (quoting Stewart, 108 S. Ct. 2239 at 2246) (KENNEDY, J., concurring)).

When a valid forum-selection clause is present, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. In such a case, "the court should not consider the parties' private interests aside from those embodied in the forum-selection clause; it may consider only public interests." Id. at 574. "Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." Id.

-6-

Plaintiff does not contend that this is one of those unusual cases. Nor does Plaintiff dispute that the forum-selection clause in the License Agreement is valid. Instead, Plaintiff argues that the language of the clause permits Plaintiff to file suit in the state in which Plaintiff's hotel is located.[18] Plaintiff relies on the License Agreement's provision that "Licensor remains entitled to seek injunctive relief in the federal or state courts of . . . the state of the Hotel's location" and its later provision that "[s]hould Licensee initiate litigation against Licensor . . . Licensee must bring such action in the courts identified above . . . ."[19]

The dispute at the heart of Defendants' Motion is whether the phrase "the courts identified above" includes the United States District Court for the Southern District of Texas. Because this court is in "the state of the Hotel's location[,]" Plaintiff argues that it is one of "the courts identified above" within the meaning of the forum-selection clause, and that "the forum selection clause [therefore] expressly permits Plaintiff to initiate litigation in any Texas state or federal court."[20]

The License Agreement states that "[t]his License, all relations between the parties, and any and all disputes between the

---

[18]Id. at 3.

[19]License Agreement, Exhibit A to Complaint, Docket Entry No. 1-1, p. 24 § 14.B(1).

[20]Plaintiff's Response, Docket Entry No. 30, p. 9.

parties, whether sounding in contract, tort or otherwise, shall be governed and construed under, and in accordance with, the laws and decisions . . . of the State of Georgia."[21]   There being no dispute on the question, the court will construe the License Agreement in accordance with Georgia law.   Georgia law provides that "[t]he cardinal rule of construction is to ascertain the intention of the parties.   If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction."   Ga. Code Ann. § 13-2-3 (West).   If the terms used in a contract are "clear and unambiguous[,]" then "they are to be taken and understood in their plain, ordinary, and popular sense." Imaging Systems International, Inc. v. Magnetic Resonance Plus, Inc., 241 Ga. App. 762, 763 (2000) (internal quotations and citation omitted).   The existence or nonexistence of ambiguity in a contract is a question of law and is for the court. Gilbert v. Canterbury Farms, LLC, 346 Ga. App. 804, 810 (2018) (reconsideration denied, certiorari denied).   "[I]f the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity." Langley v. MP Spring Lake, LLC, 307 Ga. 321, 323 (2019) (internal citation omitted).

---

[21]See License Agreement, Exhibit A to Complaint, Docket Entry No. 1-1, p. 24 § 14.B(1).

The court concludes that the forum-selection clause admits of two plausible meanings.  Under one meaning, this court is one of "the courts identified above[,]" and under the other it is not.  To "identify" something is "to establish the identity of" that thing.[22] The only courts specifically named in the forum-selection clause are "the U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of DeKalb County, Georgia[.]"[23]  They are thus "identified" in the clause.  However, the clause also refers to "the federal or state courts either of Georgia or of the state of the Hotel's location or of Licensor's principal place of business[,]"[24] and these courts can be readily "identified" based on context.  The clause is therefore ambiguous, and the court must apply the rules of contract construction to resolve the ambiguity.  <u>Langley</u>, 307 Ga. at 323.

The "rules of grammatical construction" govern the interpretation of contracts.  Ga. Code Ann. § 13-2-2(6) (West). The court must consider not only the meaning of the words in the provision, but also "their arrangement within the context of the [contract] provisions generally."  <u>Midland National Insurance Co. v. Wright</u>, 117 Ga. App. 208, 209 (1968).  "The construction which will uphold a contract in whole and in every part is to be

---

[22]Merriam-Webster's Collegiate Dictionary 575 (10th ed. 1996).

[23]License Agreement, Exhibit A to Complaint, Docket Entry No. 1-1, p. 24 § 14.B(1).

[24]<u>Id.</u>

preferred, and the whole contract should be looked to in arriving at the construction of any part[.]" Ga. Code Ann. § 13-2-2(4) (West). "Courts should not render any language in a contract as superfluous, and 'any construction that renders portions of the contract language meaningless should be avoided.'" <u>Argo v. G-Tec Services, LLC</u>, 338 Ga. App. 608, 609-10 (2016) (citing <u>Atlanta Development, Inc. v. Emerald Capital Investments, LLC</u>, 258 Ga. App. 472, 478 (2002)).

The forum-selection clause consists of three sentences. The first and third sentences spell out the obligations of the Licensee (the Plaintiff in this case) with respect to venue. The subject of these sentences is "Licensee." The subject of the second sentence is "Licensor," and it concerns the Licensor's rights and obligations with respect to venue. The second sentence modifies the first sentence by providing an exception exclusively for the Licensor whereby the Licensor may choose to sue the Licensee for injunctive relief in the state where the Licensee's hotel is located — i.e., the first sentence provides that "any and all disputes" may be heard in the state or federal courts of Georgia, "<u>however</u>" per the second sentence Defendants retain the right to bring a specific type of action in other courts. As the United States District Court for the Eastern District of Louisiana noted when granting Defendants' motion to transfer in a nearly identical suit brought by Plaintiff's counsel, "[t]his retention of rights would be pure surplusage if there were no restrictions on

the courts in which actions should be filed[,]" and the third sentence, which specifies where the Licensee can sue, would be "all but meaningless" if the Licensee could sue in any court that had jurisdiction. See <u>Park 80 Hotels</u>, 2021 WL 5275793, at *4. This court reaches the same conclusion for the same reasons.

Plaintiff argues that "[Defendants'] construction of the License Agreement's venue provision was rejected by the very Court where they seek to have this case transferred[,]" referring to the case of <u>Holiday Hospitality Franchising, LLC v. J & W Lodging, LLC</u>, No. 1:17-CV-01663-ELR, 2018 WL 11224379 (N.D. Ga. Feb. 8, 2018).[25] The court is not persuaded by Plaintiff's reading of that case. The court in <u>J & W Lodging</u> was considering whether the Minnesota Franchise Act barred the Licensor, IHG — a defendant in this action — from bringing suit in Georgia against a licensee based in Minnesota. <u>Id.</u> at *2-3. The court held that the forum-selection clause "[did] not amount to a requirement that Defendants file suit in [the Northern District of Georgia]." <u>Id.</u> at *3 n.1. The action now before the court is concerned with the entirely different question of whether the forum-selection clause requires a <u>licensee</u> to bring any suit against the licensor in Georgia.

The court concludes that despite the ambiguity in the forum-selection clause, the intention of the parties is clear: "[T]he courts identified above" are only "the U.S. District Court for the

_____

[25]Plaintiff's Response, Docket Entry No. 30, pp. 4-5.

Northern District of Georgia, Atlanta Division and the State and Superior Courts of DeKalb County, Georgia." Accordingly, the court will grant Defendants' Motion and will transfer this action to the United States District Court for the Northern District of Georgia.

**B.   The § 1404(a) Public-Interest Factors Compel Transfer**

Even if the court were not persuaded that the License Agreement's forum-selection clause compelled transfer, the court would still conclude that transfer is warranted by § 1404(a)'s public-interest factors.   These concerns include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (citing Piper Aircraft Co. v. Reyno, 102 S. Ct. 252, 258 n.6 (1981)).   The purpose of Section 1404 is "to prevent the waste 'of time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 84 S. Ct. 805, 809 (1964).

This case is one of six identical lawsuits that Plaintiff's counsel has filed in federal district courts throughout the country, and the Eastern District of Louisiana has already

transferred one such case to the Northern District of Georgia. Rather than duplicate the efforts of another court deciding the same issue, which would exacerbate "the administrative difficulties flowing from court congestion," see In re Volkswagen, 371 F.3d at 203, this court in its discretion will transfer the action to the Northern District of Georgia and thereby avoid "the wastefulness of time, energy and money that § 1404(a) was designed to prevent." See Continental Grain Co. v. The FBL-585, 80 S. Ct. 1470, 1474 (1960). Moreover, this outcome ensures that the License Agreement, which by its terms must be construed according to Georgia law, will be construed by a forum familiar with Georgia law.  See In re Volkswagen, 371 F.3d at 203.  The other factors identified in In re Volkswagen do not appear to have any application.  There is no local interest to consider because the case involves challenges to standards and practices applied uniformly to a national franchise of hotels, and nothing indicates that there is any problem regarding conflicts of laws or the application of foreign law. See id.

Given that two of the four factors identified in In re Volkswagen militate in favor of transfer, and given § 1404(a)'s purpose of preventing wasteful and duplicative litigation, the court concludes that transferring this action is "in the interest of justice" and will therefore grant Defendants' Motion.

### III.   <u>Conclusion and Order</u>

For the reasons set forth above, Defendants' Motion to Transfer (Docket Entry No. 18) is **GRANTED**, and this action is **TRANSFERRED** to the United States District Court for the Northern District of Georgia.

**SIGNED** at Houston, Texas, on this 10th day of December, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE